UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANEURIN ADLAI LAVALLE,

    Plaintiff,

v.                                                    Case No: 6:17-cv-34-Orl-40DCI

BIMAL FERNANDO,

    Defendant.
_____/

**ORDER**

This cause is before the Court on the Motion to Dismiss filed by Defendant Bimal Fernando (Doc. 80), and Plaintiff's Response in Opposition (Doc. 84). For the reasons set forth herein, Plaintiff's Second Amended Complaint is due to be dismissed with prejudice.

**I.  BACKGROUND**

Plaintiff, acting *pro se*, initiated this action for allegedly fraudulent billing practices employed by Defendants National Exemption Service and Bimal Fernando. Plaintiff's Amended Complaint, which spanned 151 pages and asserted thirty-three different causes of action, was dismissed as a quintessential shot gun pleading. (Doc. 59). The Court found the Complaint to be excessively long-winded, needlessly repetitive, and contained numerous irrelevant factual allegations that detracted from Plaintiff's attempt to state a claim. With the Court's leave, Plaintiff filed a Second Amended Complaint. (Doc. 73). Plaintiff's amended pleading, including exhibits, now spans 349 pages and contains 529 numbered paragraphs.

Defendant National Exemption Service was dismissed from this action on May 17, 2018, leaving only claims against Defendant Bimal Fernando ("Fernando"). (Doc. 96). Fernando moves to dismiss Plaintiff's Second Amended Complaint with prejudice as an impermissible shotgun pleading.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court is also mindful that a *pro se* plaintiff's pleadings "are held to a less stringent standard." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks omitted). The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam).

Nevertheless, "pro se litigants still are required to conform to procedural rules." *Hickman v. Hickman*, 563 F. App'x 742, 743 (11th Cir. 2014) (per curiam) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). Those rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under this pleading standard, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim is to be presented in a separate numbered paragraph, and

each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). These requirements give the defendant fair notice of the claim being asserted against him and make clear the grounds upon which the claim rests. *See Hickman*, 563 F. App'x at 743.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128–29 (11th Cir. 2001)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (per curiam) (citations omitted).

### III.  DISCUSSION

Fernando first challenges the Second Amended Complaint as a shotgun pleading.[1] In dismissing Plaintiff's Amended Complaint, the Court directed Plaintiff to file an

---

[1] In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of "shotgun" complaints which require dismissal:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

amended complaint that would "remove extraneous and irrelevant allegations" and set forth allegations in numbered paragraphs against specific defendants. (Doc. 59, p. 10). While Plaintiff heeded some of the Court's directives and provided numbered paragraphs, Plaintiff otherwise failed to remedy the deficiencies identified by this Court's previous Order. The Second Amended Complaint contains 136 pages, with an additional 213 pages of exhibits, and remains so verbose that the Court is unable to identify with clarity what facts support each of the different causes of action. The Second Amended Complaint is in no way "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Moreover, in each cause of action, Plaintiff "repeats and realleges the allegations and averments set forth" in hundreds of paragraphs from throughout the Complaint, requiring Fernando and this Court to shift through numerous confusing facts in a futile attempt to determine what facts support each cause of action.

For example, in Count V—which spans from paragraphs 459 through 474—Plaintiff repeats and incorporates the allegations set forth in paragraphs 1–45, 56–248, and 262–409. Many of these paragraphs contain factual allegations regarding Defendant National Exemption Service, making it onerous—if not impossible—for Fernando to discern what factual allegations are alleged against him. Accordingly, Plaintiff's Second Amended Complaint is yet another shotgun pleading.

Because the Second Amended Complaint fails to comply with federal pleading requirements, it is due to be dismissed. "[A] pro se plaintiff must generally 'be given at least one chance to amend the complaint before the district court dismisses the action with prejudice . . . .'" *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 819 n.1 (11th Cir. 2015)

---

*Id.* at 1321–23 (footnotes omitted).

(per curaim) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Leave to amend is not required where an amendment would be futile. *Id.* Given the Court has previously granted leave to amend, and Plaintiff was unable to remedy the deficiencies identified by this Court, the Court finds that another amendment would be futile. Accordingly, the Amended Complaint is due to be dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Bimal Fernando's Motion to Dismiss Second Amended Complaint (Doc. 80) is **GRANTED**.
2. The Second Amended Complaint (Doc. 73) is **DISSMISSED WITH PREJUDICE**.
3. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and to thereafter close the file.

**DONE AND ORDERED** in Orlando, Florida, on August 1, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5